## 10260

### FARR v. PACOLET MANUFACTURING COMPANY.

#### (100 S. E. 146.)

Master and Servant—Employee Failing to Perform Duty Causing Injury Cannot Recover.—Where there was an issue, under the evidence as to whether it was employee's specific duty to keep a floor free from oil, employer was entitled to an instruction that employee, if charged with such duty, could not recover for injuries resulting from his failure to perform it.

Before Mauldin, J., Spartanburg, Spring term, 1917. Reversed.

Action by F. M. Farr, as administrator, against the Pacolet Manufacturing Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Bomar & Osborne,* for appellant, cite: *As to degree of care required of the plaintiff himself on account of physical deficiencies:* 87 S. C. 387. *As to the duty of the master to the servant who is employed to remedy or keep a place in repair and the right of the master to assign such duty or delegate it to the servant:* 72 S. C. 102; 91 S. C. 280; 72 S. C. 97; 77 S. C. 426; 78 S. C. 472; 101 S. C. 496; 20th Ency. of Law, p. 142; 1st Labatt on Master and Servant, sections 304-305. *As to. confusing jury with inconsistent charge:* 72 S. C., p. 102; 23 S. C. 531.

*Messrs. Wallace & Brown* and *John Gary Evans,* for respondent, cite: *As to conscious failure to observe due care:* 72 S. C. 350. *As to motion for directed verdict on the grounds of contributory negligence and assumption of risk:* 56 S. C. 446; 55 S. C. 90; 53 S. C. 558. *As to not ordering new trial:* 93 S. C. 299. *Requests should be submitted as to any special view of law:* 90 S. C. 296; 95 S. C. 441. *As to duty of party complaining of an insignificant inadvertence in the Judge's charge:* 97 S. C. 116. *Any small technical errors in the charge are not prejudicial:* 97 S. C. 153; 99 S. C. 432. *As to duty of the party desiring that a particular proposition shall be charged:* 49 S. C. 438; 45 S. C. 189. *As to presumption of negligence where a servant sustains an injury by reason of a defective and unsafe place in which to work:* 75 S. C. 103; 93 S. C. 395; 98 S. C. 53. *As to necessity of a request for some specific charge:* 93 S. C. 395. *As to duty of master to warn servant:* 81 S. C. 15; 48 S. C. 190; 85 S. C. 221; 44 S. C. 546; 89 S. C. 567. *Where a request submitted is charged in substance, the party offering it cannot complain:* 95 S. C. 239. *If request is covered in general charge, it is sufficient:* 94 S. C. 224. *Judge can charge language of request:* 82 S. C. 125; 84 S. C. 568. *Defendant was given the benefit of the principles of law involved, and this was all it was entitled to:* 45 S. C. 189. *The jury were given the benefit of the law as applicable to the facts:* 99 S. C. 432.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages, actual and punitive. The cause was tried before Judge Mauldin, and a jury, and resulted in a verdict in favor of the plaintiff for $3,000 actual damages. After entry of judgment, defendant appeals, and by 30 exceptions alleges error and seeks reversal. These exceptions allege error in not directing a verdict in favor of the defendant, allege error on the part of his Honor in his charge to the jury, and allege error in the admission of certain testimony.

His Honor was right in submitting the case to the jury. There was an abundance of evidence for that purpose. The jury only awarded actual damages. Counsel for appellant admit that a directed verdict should not have been granted as to actual damages. The evidence was conflicting as to what the duties of plaintiff's intestate were, whether or not he was to sweep up the oil or not, or whether or not his duty was simply to remove the waste and clear it out, and not to clean up the oil on the floor and under the machines, and whether he was employed in the dual capacity to sweep up, and remove the waste simply, and stop the machines, 15 in number, and not to sweep up oil and make the place safe for himself and others. During the trial of the case, and throughout the case, the defendant's contention was that under the law it had the right to delegate to the plaintiff's intestate the duty to sweep and clean the floor, and to keep and maintain the same free from oil, and that the plaintiff's intestate could not hold the defendant responsible for his own failure to do this, or for the injuries resulting therefrom. The presiding Judge did not admit the correctness of this position, and failed to charge the jury, as requested, along this line, that the master had the right to employ a servant for the specific duty of making the place safe, and the

consequences of the failure of the servant employed for this specific duty, where it results in injury to himself.

There was a square issue of fact under the evidence as to whether or not the plaintiff's intestate was employed by the defendant for the specific duty of sweeping and cleaning the floor, and of cleaning the waste oil and everything off of the floor, so as to make it safe for himself and all others who were employed there. If he was employed, and it was his plain and known duty, to sweep the floor, clean it up, and remove all obstructions therefrom, or anything that would impede or obstruct any one employed to work, and had to use the floor, or render it unfit or unsafe, then the defendant was entitled to have its request charged involving this point.

At no time did his Honor instruct the jury on this particular point, as asked for, and he was in error in not doing so, and the exceptions raising this question are sustained, and a new trial must be granted.